UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 3:16-CR-007 JD |
| | ) | |
| CURTIS JONES, III | ) | |

## OPINION AND ORDER

Defendant Curtis Jones, III was indicted on January 13, 2016, on one count of knowingly possessing a firearm having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). After his arrest, he had a detention hearing on January 28, 2016 before the magistrate judge. After hearing proffers and arguments from the parties, the magistrate judge found that no condition or combination of conditions would reasonably assure the appearance of the defendant as required, so he ordered Mr. Jones detained pending trial. [DE 25]. Mr. Jones has now moved for review of his pretrial detention [DE 29], and the government has responded. [DE 34]. The Court finds that no condition or combination of conditions will reasonably assure the safety of the community, so it denies Mr. Jones' motion and orders Mr. Jones detained pending trial.

18 U.S.C. § 3145(b) permits a defendant to file a motion seeking review or revocation of a detention order when the defendant has been ordered detained by a magistrate judge. The standard of review for this Court's review of a magistrate judge's detention order is de novo.[1] *United States v. Portes*, 786 F.2d 758 (7th Cir. 1985) (affirming the district court judge's de novo review of the magistrate judge's detention determination); *United States v. Levine*, 770 F. Supp.

---

[1] A district court may conduct this review either by considering the hearing held before the magistrate judge or by holding a new hearing. *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991). Mr. Jones does not request a new hearing, so the Court has considered the parties' proffers and arguments at the hearing before the magistrate judge and their filings on this motion.

460, 465 (N.D. Ind. 1991). The Bail Reform Act limits the circumstances under which a district court may order pretrial detention. As an initial matter, the Court must determine whether release of a defendant on personal recognizance or an unsecured bond would either not reasonably assure the appearance of the person as required or endanger the safety of any other person or the community. 18 U.S.C. § 3142(b). If such a release would not reasonably assure the Defendant's appearance or the safety of the community, then the Court must consider whether there is some condition or combination of conditions that would so assure the Court. 18 U.S.C. § 3142(c). "Pretrial detention is allowed only after the court holds a hearing and finds that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Miller v. Hastings*, 87 F. App'x 585, 586 (7th Cir. 2004) (citing 18 U.S.C. § 3142(e)).

Because the offense with which Mr. Jones is charged involves the possession of a firearm, consistent with 18 U.S.C. § 3142(f)(1)(E), detention can be ordered for either a risk of flight or a risk of danger to the community. The government bears the burden of proving either ground for detention. *Portes*, 786 F.2d at 764–65. With respect to risk of flight, the United States bears the burden of proof by a preponderance of the evidence. *Id.* at 765. With respect to risk of danger, the United States must prove its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Detention may be based on a showing of either dangerousness or risk of flight; proof of both is not required. *Portes*, 786 F.2d at 765; *Daniels*, 772 F.2d at 383. The factors to be considered by the Court in determining whether there are conditions that will reasonably assure the appearance of the defendant and the safety of any other person and the community include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim,

controlled substance, or firearm; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics, including (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense of arrest, the defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for another offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Considering those factors here, the Court finds that there is no condition or combination of conditions that would reasonably assure the safety of the community if Mr. Jones were to be released. Mr. Jones is charged in this case with possessing a firearm as a felon, meaning this offense involved a firearm. According to the government's proffer (which the defendant does not contest), the firearm was also stolen at the time Mr. Jones possessed it. Further, the government's case appears quite strong, as the firearm was found in Mr. Jones' home, and Mr. Jones admitted to officers that he purchased and possessed the firearm. Again, the defendant does not contest that proffer, and in fact noted at the hearing before the magistrate judge that Mr. Jones immediately spoke with the police when confronted and gave a complete statement that was corroborated by officers. Thus, the first two factors weigh in favor of detention, given that the charged offense involved a firearm and the defendant has given a statement admitting facts that would establish his guilt.

Mr. Jones' history and characteristics also weigh heavily in favor of detention. As reflected in the Pretrial Services Report, Mr. Jones has a previous federal conviction for

conspiracy to use interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958, which is a very serious offense. According to the Pretrial Services Report, Mr. Jones had agreed to assist in the murder of two individuals. Moreover, Mr. Jones committed that offense while awaiting trial on two separate cases in state court: one for attempted murder of a police officer arising out of a shooting during which an officer was wounded, and one for auto theft. Defense counsel argued at the hearing before the magistrate judge that the state attempted-murder charges were for the same offense as the subsequent federal charges, but the record contradicts that assertion. The Pretrial Services Report states that the attempted-murder charges in state court arose out of a shooting that occurred on October 13, 1998, while the federal murder-for-hire conspiracy charge occurred in January 2001. Moreover, the opinion by the Court of Appeals affirming the conviction of one of Mr. Jones' co-defendants in the federal case makes clear that the federal offense did not relate to an attempted murder of a police officer and did not begin until 1999 at the earliest. *United States v. Richeson*, 338 F.3d 653 (7th Cir. 2003). Moreover, that opinion shows that the murder-for-hire conspiracy began while Mr. Jones was detained, and continued after he made bond and was released pending trial on those charges. Thus, the fact that Mr. Jones would commit such a serious federal offense while facing similarly serious charges in state court weighs heavily in favor of risk of danger.

Granted, that conduct occurred over fifteen years ago. However, Mr. Jones was incarcerated for seven of those years pursuant to his federal conviction. And more recently, Mr. Jones committed multiple violations of the conditions of his supervised release, including by failing to obtain employment, failing to notify Probation of a change in residence, testing

4

positive multiple times for use of controlled substance,[2] associating with a person engaged in criminal activity, and failing to participate in drug testing and drug treatment. Those violations led to a revocation of Mr. Jones' supervised release in 2011, for which he was sentenced to three additional months of imprisonment.[3] The Court also acknowledges that Mr. Jones is a life-long resident of Lake County, Indiana, that he is in a long-term relationship, and that he has a job available to him should he be released. However, in light of Mr. Jones' criminal history, including the seriousness of his prior conviction, his commission of that offense while on pretrial release in another matter, and his violation of the conditions of post-release supervision, the Court finds that this factor weighs heavily in favor of detention.

The Court also finds that the last factor, the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release, weighs in favor of detention. Mr. Jones has admitted to unlawfully possessing a stolen firearm as a convicted felon. Those circumstances present a greater than usual risk that the firearm would be used for unlawful purposes, which would expose the community to a danger of violence. The seriousness of Mr. Jones' prior conviction further heightens that potential for violence. Though the firearm underlying the present charges has presumably been seized, Mr. Jones' acquisition of that firearm shows that he is willing and able to unlawfully acquire firearms, which gives rise to the potential danger to the community.

---

[2] Mr. Jones nonetheless claimed in his interview for the Pretrial Services Report that he last used marijuana at the age of 21, even though he tested positive for marijuana on five occasions during his supervised release. [DE 20 p. 3].

[3] Contrary to the government's assertion in its response [DE 34 p. 3], there is no indication in the record that Mr. Jones is currently on probation, as he was discharged from any further term of supervision following his revocation. [Case No. 2:01-CR-54, DE 175].

In summary, Mr. Jones has a conviction for a murder-for-hire conspiracy; he committed that offense while facing attempted murder charges in state court; and after his release from imprisonment, he violated the terms of his supervision in multiple respects, leading to further imprisonment. That conduct gives the Court little reason to believe that any conditions of pre-trial release can mitigate any danger Mr. Jones poses to the community. Further, Mr. Jones has admitted to unlawfully possessing a stolen firearm, meaning he still poses a risk of danger to the community and likely faces a term of imprisonment in this matter. Accordingly, the Court finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if Mr. Jones were to be released pending trial in this matter.

The Court must therefore DENY Mr. Jones' motion for review of the magistrate judge's detention order. [DE 29]. Mr. Jones shall be detained pending trial.

SO ORDERED.

ENTERED: February 24, 2016

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court